**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

BRUCE C.,

                         Plaintiff,

        v.                                           3:20-CV-782
                                                        (DJS)

KILOLO KIJAKAZI, _Acting Commissioner of_
_Social Security[1]_,

                         Defendant.
_____

**APPEARANCES:**                        **OF COUNSEL:**

LACHMAN & GORTON                  PETER A. GORTON, ESQ.
Attorney for Plaintiff
P.O. Box 89
1500 East Main Street
Endicott, New York 13761-0089

U.S. SOCIAL SECURITY ADMIN.       CANDACE H. LAWRENCE, ESQ.
OFFICE OF REG'L GEN. COUNSEL
Attorney for Defendant
J.F.K. Federal Building - Room 625
Boston, Massachusetts 02203

**DANIEL J. STEWART**
**United States Magistrate Judge**

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security and is substituted as Defendant here
pursuant to Fed. R. Civ. P. 25(d).  The Clerk is directed to modify the docket accordingly.

## MEMORANDUM-DECISION AND ORDER[2]

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security that Plaintiff was not disabled.  Dkt. No. 1.  Currently before the Court are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings.  Dkt. Nos. 13 & 15.  Each party has also submitted a Reply.  Dkt. Nos. 19 & 22.  For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is denied, and Defendant's Motion is granted.  The Commissioner's decision is affirmed, and the Complaint dismissed.

## I. RELEVANT BACKGROUND

### A.  Procedural History

Plaintiff applied for disability insurance and supplemental security insurance benefits in August 2017.  Dkt. No. 12, Admin. Tr. ("Tr."), pp. 171-184.  Plaintiff alleges disability based upon cirrhosis of the liver and stomach problems.  Tr. at p. 79.  He alleged a disability onset date of July 19, 2017.  Tr. at p. 80.  Plaintiff's application was initially denied on January 25, 2018, after which he timely requested a hearing before an Administrative Law Judge ("ALJ").  Tr. at pp. 101-107 & 10-110.  Plaintiff appeared at a hearing before ALJ David Romeo on June 14, 2019 at which he and a vocational expert ("VE") testified.  Tr. at pp. 53-78.  On July 11, 2019, the ALJ issued a written

---

[2] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.  *See* Dkt. No. 7 & General Order 18.

decision finding Plaintiff was not disabled under the Social Security Act.  Tr. at pp. 11-21.  On June 1, 2020, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.  Tr. at pp. 1-6.

### B. The ALJ's Decision

In his decision, the ALJ made the following findings of fact and conclusions of law.  First, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2022 and that he had not engaged in substantial gainful activity since July 19, 2017, the alleged onset date.  Tr. at p. 14.  Second, the ALJ found that Plaintiff had the following severe impairments: chronic liver disease and cirrhosis, alcoholic hepatitis and encephalopathy, and portal hypertension.  Tr. at pp. 14-16.  Third, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings").  Tr. at p. 16.  Fourth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform sedentary work except that he can

> occasionally balance, stoop, kneel, crouch, or crawl, and can occasionally climb ramps and stairs, but can never climb ropes, ladders or scaffolds.  He can never be exposed to high, exposed places or moving mechanical parts. He will need an option to stand for 2 minutes after every 30 minutes of sitting, but can remain on task while standing.  He requires a cane to walk, but not for balance while standing.

*Id.*  Fifth, the ALJ found that Plaintiff could not perform his past relevant work.  Tr. at p. 19.  The ALJ went on to find that there was work existing in significant numbers in

the national economy that Plaintiff could perform.  Tr. at p. 21.  The ALJ, therefore,

concluded that Plaintiff is not disabled.  Tr. at p. 22.

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo*

whether an individual is disabled.  42 U.S.C. § 405(g); *Wagner v. Sec'y of Health &*

*Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's

determination will be reversed only if the correct legal standards were not applied, or it

was not supported by substantial evidence.  *See Johnson v. Bowen*, 817 F.2d 983, 986

(2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied

correct legal principles, application of the substantial evidence standard to uphold a

finding of no disability creates an unacceptable risk that a claimant will be deprived of

the right to have her disability determination made according to the correct legal

principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v.*

*Califano*, 615 F.2d 23, 27 (2d Cir. 1979).  "Substantial evidence" is evidence that

amounts to "more than a mere scintilla," and has been defined as "such relevant evidence

as a reasonable mind might accept as adequate to support a conclusion." *Richardson v.*

*Perales*, 402 U.S. 389, 401 (1971).  Where evidence is deemed susceptible to more than

one rational interpretation, the Commissioner's conclusion must be upheld.  *Rutherford*

*v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is

5

whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

## III. ANALYSIS

### A. The ALJ's RFC Determination

A claimant's RFC is the most he can still do despite his limitations. *Penny Ann W. v. Berryhill*, 2018 WL 6674291, at *4 (N.D.N.Y. Dec. 19, 2018). Plaintiff maintains that the RFC determination is not supported by substantial evidence. Pl.'s Mem. of Law at pp. 5-13. According to Plaintiff, "[t]he primary error in this case pertains to the ALJ's failure to assess any limitations to work pace and/or attendance despite the undisputed

medical opinions that Plaintiff has fatigue and pain related limitations." *Id.*[3]  Plaintiff

then makes several more discrete arguments related to the ALJ's treatment of Plaintiff's

fatigue.  Upon full review of the record and the arguments of the parties, the Court finds

no basis for remand.

First, the Court agrees with Defendant that, contrary to Plaintiff's assertion, the

opinions of Dr. Haswell, Plaintiff's treating doctor, were not undisputed such that they

could only be discounted upon a showing of overwhelmingly compelling reasons.  Dkt.

No. 13, Pl.'s Mem. of Law at pp. 5-7.  Plaintiff focuses his arguments on the ALJ's

treatment of Plaintiff's fatigue and its impact on his ability to work and maintain

attendance.  While Dr. Haswell indicated that fatigue would contribute to Plaintiff's

inability to remain on task and attend work, *see* Tr. at p. 428, neither of his opinions that

the ALJ considered specifically addressed the impact of fatigue on Plaintiff's functional

capacity.  Tr. at pp. 404-405 & 428-429.  For example, Dr. Haswell did not specifically

state that Plaintiff would be off task more than 33% of the day because of fatigue as

opposed to other conditions.  *See* Tr. at p. 428.  Moreover, Dr. Berkovich and Dr. Ahmed

offered opinions suggesting that Plaintiff had functional capacities greater than those

suggested by Dr. Haswell.  *See* Tr. at pp. 84-85 & 402.  As such, the Court disagrees

that there is an undisputed medical opinion with respect to Plaintiff's functional ability.

The Second Circuit has also made clear that the ALJ need not identify particular

---

[3] Though the ALJ's decision did not expressly mention fatigue in stating the RFC, the Court notes that limiting an individual to less than the full range of sedentary work does, in fact, address fatigue.  *See Johnathen N. v. Comm'r of Soc. Sec.,* 2021 WL 4247565, at *7 (W.D.N.Y. Sept. 17, 2021).

evidence explicitly rebutting the opinion of a treater providing before discounting or rejecting the opinion. *Smith v. Berryhill*, 740 Fed. Appx. 721, 726 (2d Cir. 2018).

Plaintiff objects that the ALJ erred by requiring evidence of clinical testing for fatigue when no such testing is available, Pl.'s Mem. of Law at pp. 7-8, but the Court does not read the ALJ's decision to have done so. The ALJ concluded that Dr. Haswell's opinion was "not supported by his clinical findings." Tr. at p. 19. This statement does not suggest in any way that the ALJ was requiring evidence of clinical testing to demonstrate that Plaintiff suffered from fatigue. The ALJ appears to have recognized the existence of fatigue when he found the opinion of Dr. Berkovich, finding that Plaintiff had certain mild to moderate restrictions "secondary to fatigue and poor balance," somewhat persuasive. *Id.* The ALJ's statement is best viewed as relating to Dr. Haswell's overall findings, not his conclusion regarding the existence of fatigue.

Plaintiff next argues that the ALJ committed factual error in finding that the opinion of Dr. Haswell was not supported by clinical findings. Pl.'s Mem. of Law at p. 8. In support of this argument Plaintiff cites to numerous findings in the medical record establishing that Plaintiff suffers from fatigue. *Id.* The ALJ, however, never disputed this fact. As noted above, he credited a report from Dr. Berkovich that found Plaintiff to suffer from fatigue. Tr. at p. 19. The import of the ALJ's decision was that it was Dr. Haswell's conclusion about the functional impact of fatigue that was unsupported by the record, not the fact that Plaintiff suffered from fatigue. *Id.* ("Dr. Haswell's

opinion regarding time 'off task' and absences are . . . not supported by his clinical findings."). As such, no factual error exists that warrants remand.

The Court is also unpersuaded by Plaintiff's related argument that that it was error for the ALJ to conclude that Dr. Haswell's opinion was too speculative because the opinion "is no more speculative than any other medical opinion of record or that is ever used in Social Security proceedings." Pl.'s Mem. of Law at p. 9. The ALJ concluded that Dr. Haswell's findings regarding time off task were speculative because they were not supported by his clinical findings. Tr. at p. 19. Plaintiff's disagreement with that conclusion does not render it unduly speculative. Dr. Haswell's opinion was offered in a check box form that "did not explain the evidence [he] relied upon in making these decisions." *Tamara M. v. Saul*, 2021 WL 1198359, at *9 (N.D.N.Y. Mar. 30, 2021). Courts have routinely rejected a similar argument that finding this type of conclusion is improperly speculative was error. *Id.*; *see also Renalda R. v. Comm'r of Soc. Sec.*, 2021 WL 4458821, at *11 (N.D.N.Y. Sept. 29, 2021) (citing cases).

Nor does the ALJ's reliance on Plaintiff's daily activities provide a basis for remand. First, there was clearly nothing improper about the ALJ considering the Plaintiff's daily activities and finding that they were inconsistent with a doctor's opinion regarding Plaintiff's functional abilities. *See, e.g.*, *David v. Comm'r of Soc. Sec.*, 2017 WL 4541406, at *6 (N.D.N.Y. Oct. 10, 2017) (citing cases). Plaintiff also argues that the ALJ improperly relied on his daily activities to conclude that based upon them he could perform sedentary work because the activities identified "are done sporadically

and can be done at Plaintiff's own pace and comfort level." Pl.'s Mem. of Law at p. 10. While Plaintiff's daily activities "cannot form the basis of an RFC determination" in the absence of evidence that he could perform them consistent with the level of work required, *Glessing v. Comm'r of Soc. Sec.*, 2014 WL 1599944, at *11 (E.D.N.Y. Apr. 21, 2014), the record does not establish that this is what occurred here. The ALJ certainly considered Plaintiff's daily activities and assessed the extent to which they were consistent with an individual's ability to do sedentary work. Tr. at p. 18. However, this was clearly not the sole basis for the ALJ's ultimate RFC determination. Tr. at pp. 18-19. To the extent that it was error not to more specifically delineate the precise role Plaintiff's daily activities played among the other relevant factors in determining his RFC, "such arguments at best result in harmless error." *Alford v. Colvin*, 2013 WL 6839554, at *14 (N.D.N.Y. Dec. 27, 2013).

To the extent Plaintiff appears to challenge the new regulatory structure related to the treatment of treating physicians, Pl.'s Mem. of Law at pp. 11-13; Dkt. No. 19, Pl.'s Reply at pp. 2-4, the Court notes that "[m]ultiple courts have considered and rejected similar challenges to the validity of the new regulations." *Devra B.B. v. Comm'r of Soc. Sec.*, 2021 WL 4168529, at *5 (N.D.N.Y. Sept. 14, 2021). The new regulations require the ALJ to articulate how persuasive he finds the various medical opinions. *See Calo v. Comm'r of Soc. Sec.*, 2021 WL 3617478, at *2 (E.D.N.Y. Aug. 16, 2021). The ALJ satisfied that obligation here.

10

## B. The Step Five Determination

Plaintiff also alleges that Defendant failed to satisfy her burden at Step 5 of the sequential analysis to establish that there were jobs available in sufficient numbers in the national economy that Plaintiff could perform.  Pl.'s Mem. of Law at pp. 15-18.

Plaintiff first objects that the hypothetical posited to the vocational expert in this case did not fairly reflect Plaintiff's functional limitations because it failed to account for Plaintiff's limitations regarding work pace and attendance as a result of fatigue.  *Id.* at p. 16.  For the reasons discussed in Part III(A) of this Opinion, the Court finds no error regarding the RFC determination and so there was no error in the hypothetical offered to the vocational expert.

Plaintiff also argues that the vocational expert's testimony regarding available job numbers was overbroad and did not meet the Commissioner's burden.  *Id.* at pp. 16-18.  Plaintiff maintains that the VE's testimony was based on numbers from the Occupational Employment Statistics ("OES") and that these figures do not directly correlate to specific RFC determinations and thus may include positions that are not, in fact, appropriate for a person with Plaintiff's RFC.  *Id.*  Defendant counters that the OES statistics and the VE's testimony adequately carried her burden of proving there was work Plaintiff could perform.  Dkt. No. 15, Def.'s Mem. of Law at pp. 21-25.

At the hearing before the ALJ, the VE testified to three jobs Plaintiff could perform totaling over 60,000 jobs in the national economy.  Tr. at p. 75.  In response to that testimony, Plaintiff's representative engaged the VE in the following brief colloquy:

Q. What's the source of your job numbers, sir?

A. U.S. Department of Labor, Bureau of Labor Statistics.

Q. Okay, and they publish that information by using Occupational Employment Survey, correct?

A. That's correct.

Tr. at p. 76. Plaintiff's representative asked no questions regarding the jobs identified and Plaintiff's ability to perform them with the restrictions stated in the hypothetical or any other restrictions. Additionally, no other questions were asked about the accuracy of the job numbers provided. During closing argument at the hearing, Plaintiff's representative did not challenge the VE's testimony and raised no objection to the VE's use of OES data. Tr. at pp. 76-77.

On this record, the Court finds that the Commissioner satisfied her burden at Step 5. The record establishes that there are over 60,000 jobs that Plaintiff could perform. Tr. at p. 75. "That number readily satisfies the Commissioner's burden." *Saez v. Saul*, 2020 WL 2572770, at *9 (D. Conn. May 20, 2020). It is significant that despite the opportunity to do so Plaintiff's counsel did not challenge the reliability or accuracy of the VE's job numbers when it was clear that he had relied on the OES at the hearing. *Shanan L. v. Comm'r of Soc. Sec.*, 2020 WL 2404763, at *10 (N.D.N.Y. May 12, 2020); *Michelle M. v. Comm'r of Soc. Sec.*, 2020 WL 495170, at *9 (N.D.N.Y. Jan. 30, 2020). This Court has recognized that as few as 9,000 jobs may be sufficient to carry the Commissioner's burden. *See Diane D. v. Saul*, 2020 WL 1044136, at *6 (N.D.N.Y.

12

Mar. 4, 2020) (citing cases).  As such, even if nearly 85% of the job numbers identified by the VE did not specifically comport with Plaintiff's RFC, the Commissioner's burden would still have been met here.  *Shanan L. v. Comm'r of Soc. Sec.*, 2020 WL 2404763, at \*10; *Michelle M. v. Comm'r of Soc. Sec.*, 2020 WL 495170, at \*9.

### C. The Appeals Council's Consideration of Dr. Haswell's Opinion

Finally, Plaintiff claims that it was error for the Appeals Council not to consider an August 1, 2019 letter from Dr. Haswell related to Plaintiff's cirrhosis.  Pl.'s Mem. of Law at pp. 14-15.  Defendant contends that failing to consider the letter was proper because it did not represent new, material evidence.  Def.'s Mem. of Law at pp. 18-21.

Dr. Haswell's letter is dated August 1, 2019, several weeks after the ALJ's decision at issue.  Tr. at p. 51.  The letter briefly outlines symptoms that may be present in cases involving liver damage.  *Id.*  It further states that Plaintiff's symptoms may "wax and wane, and his fatigue and pain will be better on some days than others."  *Id.* It further states that Plaintiff "is not employable at this time, nor any time in the foreseeable future."  *Id.*  The Appeals Council concluded that this letter "does not relate to the period at issue.  Therefore, it does not affect the decision about whether you were disabled beginning on or before [the date of the ALJ's decision]."  Tr. at p. 2.

"The Appeals Council is obligated to consider 'new and material evidence.'" *Stratton v. Colvin*, 51 F. Supp. 3d 212, 218 (N.D.N.Y. 2014) (citing 20 C.F.R. § 404.970(b)).  "New evidence is 'material' if it is: '(1) relevant to the claimant's condition during the time period for which benefits were denied and (2) probative.'" *Id.* (quoting

13

*Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004)).  "'The concept of materiality requires, in addition, a reasonable possibility that the new evidence would have influenced the [Commissioner] to decide claimant's application differently.'"  *Id.* (quoting *Pollard v. Halter*, 377 F.3d at 193) (alteration in original); *see also* 20 C.F.R. § 404.976(b)(1).  "When addressing the Appeals Council's consideration of new evidence, the Court must consider whether evidence is new and material, *i.e.*, was likely to affect the ALJ's determination."  *Karen R. v. Berryhill*, 2019 WL 1284250, at *8 (N.D.N.Y. Mar. 20, 2019) (citing *Brown ex rel. S.W. v. Astrue*, 2008 WL 3200246, at *14 (N.D.N.Y. Aug. 5, 2008)).

At the time of the ALJ's decision, the record contained opinions from Dr. Haswell regarding Plaintiff's fatigue and included Dr. Haswell's statement that Plaintiff "cannot do any work due to severe weakness from his condition."  Tr. at p. 405.  Given the state of the record at the time of the ALJ's decision, Dr. Haswell's subsequent letter "demonstrate[s] little that could be considered new information."  *Tiffany C. v. Comm'r of Soc. Sec.*, 2018 WL 4610676, at *7 (N.D.N.Y. June 20, 2018), *report and recommendation adopted sub nom. Tiffany C. v. Berryhill*, 2018 WL 3344212 (N.D.N.Y. July 9, 2018).  Moreover, to the extent the letter expresses an opinion about Plaintiff's employability that is not a question for a doctor and thus that opinion is not material.  *Molina v. Colvin*, 2014 WL 2573638, at *10 (S.D.N.Y. May 14, 2014), *report and recommendation adopted*, 2014 WL 3925303 (S.D.N.Y. Aug. 7, 2014) ("the Commissioner is not bound by a physician's opinion that a claimant is disabled.").

The failure to consider this letter is not a basis for remand.

## IV. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings is **DENIED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings is **GRANTED**; and it is further

**ORDERED**, that Defendant's decision denying Plaintiff disability benefits is **AFFIRMED**; and it is further

**ORDERED**, that Plaintiff's Complaint is **DISMISSED**; and it is further

**ORDERED,** that the Clerk of the Court shall serve copies of this Memorandum-Decision and Order on the parties.

Dated: November 3, 2021
       Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge